FILED IN CHAMBERS
U.S.D.C. Atlanta

'JUN 1 2 2006

LUTHER D. ........., Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

     v.

CARL LOUIS COPPOLA,

        Defendant.

CRIMINAL ACTION

NO. 1:86-CR-185-1

O R D E R

On April 24, 1987, defendant Carl Louis Coppola was found guilty on six counts of a seven count indictment. Count One charged Coppola and others with a violation of the Racketeer Influenced and Corrupt Organization Act ["RICO"], 18 U.S.C. § 1961. Count Two charged that Coppola and others had conspired to violate RICO. Count Three charged Coppola with a violation of 21 U.S.C. § 848, alleging that Coppola was the organizer and benefitee of a continuing criminal enterprise [the "CCE count"]. Count Four charged Coppola and others with conspiracy to import approximately 25,000 pounds of marijuana into the United States. Counts Five and Seven charged Coppola and others with separate conspiracies to possess cocaine with the intent to distribute. Count Six charged Coppola with possession of cocaine with the intent to distribute.[1]

On June 4, 1987, the court sentenced Coppola to serve a total of 55 years imprisonment with three years of Special Parole: 40

_____

[1] The jury found Coppola guilty on Counts Five, Six, and Seven but not guilty on Count Four.

years on Count Three; 15 years on Counts One and Two, to be served concurrently with each other but consecutive to the sentence imposed under Count Three; three years of Special Parole on Count Six.  The court also imposed a special assessment of $200.00  The court determined that Counts Five and Seven had been merged into Count Three and, therefore, did not impose a sentence on those counts.

Coppola appealed, and on March 11, 1992, the Court of Appeals for the Eleventh Circuit affirmed the convictions and sentence but noted that the convictions on Counts Five and Seven should be vacated, since they had been merged into Count Three.   United States v. Church, 955 F.2d 688 (11th Cir. 1992).   Significantly, the Court of Appeals did not vacate the sentence that this court had imposed.

On January 27, 1993, Coppola filed a motion pursuant to Rule 35, Federal Rules of Criminal Procedure, asking that this court reduce his sentence.  By order filed on March 22, 1994, this court granted Coppola's motion and provided that the sentences imposed under Counts One and Two would run concurrent with the sentence imposed under Count Three, thereby reducing the total time of incarceration from 55 years to 40 years.

On September 16, 1996, Coppola filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  By order filed on October

2

2, 1996, this court denied that motion.  Both this court and the Court of Appeals declined to issue a certificate of appealability.

On June 24, 2005, Coppola filed a motion pursuant to Rule 35, Federal Rules of Criminal Procedure, in which he asks the court to correct the allegedly illegal sentence which he is currently serving.  That matter is now ripe for decision.

Relying on Rutledge v. United States, 517 U.S. 292, 116 S.Ct. 1241 (1996), Coppola argues that when the Count of Appeals vacated his convictions under Counts Five and Seven, this court was required to resentence him; he contends that the failure to do so means that his sentence is "illegal" and may be corrected pursuant to Rule 35.[2]  In *Rutledge* a defendant was convicted of participating in a continuing criminal enterprise and was also convicted of conspiring to engage in the unlawful distribution of cocaine.  A jury convicted the defendant of both charges, and the court sentenced him under both counts to life imprisonment and a $50 assessment on each count.  The Supreme Court reversed, holding that since the defendant was sentenced under both counts and since conspiracy was a lesser included offense in the CCE count, the defendant's sentence had to be vacated, and he had to be resentenced on only the CCE count.  Of particular importance to the

---

[2]  The version of Rule 35 in effect at the time Coppola committed his crimes provided: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of a sentence."

court was the fact that a special assessment of $50 had been imposed on each count, showing that the trial court had, indeed, imposed multiple sentences on the two counts.

*Rutledge* does not require that this court resentence Coppola. This court sentenced Coppola as follows:

> The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of FIFTEEN (15) YEARS on count one of the indictment plus a $50 assessment; FIFTEEN (15) YEARS on count two of the indictment plus a $50 assessment and that the execution of this sentence shall run concurrently with the sentence imposed in count one; FIFTEEN (15) YEARS to be followed by THREE (3) YEARS Special Parole on count six of the indictment plus a $50 assessment and that the execution of this sentence shall run concurrently with the sentence imposed in count one; FORTY (40) YEARS ON count three of the indictment and that the execution of this sentence shall commence to run from the expiration of legal release from the sentence imposed in count one plus a $50 assessment on count three. Counts five and seven merge with count three.

In sentencing Coppola, this court recognized that Counts Five and Seven were lesser included offenses in the CCE count and, consequently, noted that they were merged into that count. Therefore, this court, unlike the court in *Rutledge*, did not impose any sentence on those two counts. This is especially evident by the fact that the court did not impose a special assessment on those two counts. Moreover, when the Court of Appeals vacated the convictions on Counts Five and Seven, it noted, "The district court did not sentence Coppola for his convictions on these two counts, which involved conspiracy to possess cocaine with intent to distribute." United States v. Church, 955 F.2d 688, 690 n.2 (11th

4

Cir. 1992).  It is for this reason, of course, that the Eleventh Circuit vacated only the convictions under Counts Five and Seven; there was no sentence to vacate.

Because the sentence imposed by this court is not an illegal sentence, Coppola's motion to correct his sentence is DENIED.

The court does note that no action was taken by this court to implement the decision of the Court of Appeals which vacated Coppola's convictions on Counts Five and Seven.  Therefore, this court, acting in a ministerial capacity, implements that decision by amending the Judgment and Commitment to read as follows:

> Defendant has been convicted as charged of the offense(s) of RICO, RACKETEERING, CONTINUING CRIMINAL ENTERPRISE, and POSSESSION WITH INTENT TO DISTRIBUTE COCAINE in violation of Sections 1962(c) and 1962(d), Title 18, and Sections 841(a)(1) and 848 of Title 21 United States Code as charged in counts one, two, three, and six of the indictment.

The Judgment and Commitment is further amended by deleting the language "Counts five and seven merge with count three" from the Sentence portion of the Judgment and Commitment so that that section now reads:

> The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of FIFTEEN (15) YEARS on count one of the indictment plus a $50 assessment; FIFTEEN (15) YEARS on count two of the indictment plus a $50 assessment and that the execution of this sentence shall run concurrently with the sentence imposed in count one; FIFTEEN (15) YEARS to be followed by THREE (3) YEARS Special Parole on count six of the indictment plus a $50 assessment and that the execution of this sentence shall run concurrently with the sentence imposed in count one; FORTY (40) YEARS ON count three of the indictment and

5

that the execution of this sentence shall commence to run
from the expiration of legal release from the sentence
imposed in count one plus a $50 assessment on count
three.

SO ORDERED, this _12th_ day of June, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge

6